UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

FILED
SCRANTON
SEP 12 2014
PER _____ DEPUTY

| | |
|---|---|
| GREGORY L. GERACE, | : |
| Petitioner | : |
| v. | : CIVIL NO. 3:CV-01-1965 |
| SUPERINTENDENT LAVAN, | : (Judge Kosik) |
| Respondent | : |

## MEMORANDUM

### I. Introduction

In the above proceedings, Petitioner, Gregory Gerace, filed a counseled habeas corpus petition pursuant to 28 U.S.C. § 2254 challenging his 1990 conviction by the Court of Common Pleas of Centre County, Pennsylvania on twenty-one (21) counts of rape and related sexual offenses, as well as making terroristic threats. He was sentenced to an aggregate sentence of 42 to 84 years in prison. On January 11, 2005, we denied the petition. (Doc. 24.) On January 25, 2005, an appeal was filed with the Third Circuit Court of Appeals. On May 4, 2005, the Third Circuit denied Gerace's request for a certificate of appealability for the reasons given by this court in denying the habeas petition, and concluded that Gerace had not made a substantial showing of the denial of a constitutional right. (Doc. 28.)

Before the court is Gerace's counseled "Independent Action for Relief from

Final Order or, in the alternative Motion for Relief from Final Order pursuant to Rule 60 F.R.CIV.P." (Doc. 30.) This motion was filed over eight (8) years after the Third Circuit affirmed this Court's denial of Gerace's habeas petition. For the reasons that follow, Gerace's request for relief will be denied.

## II. Discussion

A prisoner may invoke Rule 60(b) in habeas proceedings to challenge "some defect in the integrity of the ... proceedings," but not "to add a new ground for relief." Gonzalez v. Crosby, 545 U.S. 524, 532 (2005). If the Rule 60(b) motion is "in substance a habeas corpus application" it shall be treated as a successive habeas petition. Id. at 531; see also Blystone v. Horn, 664 F.3d 397, 412 (3d Cir. 2011). In such cases, the district court does not have jurisdiction to entertain the motion, unless the petitioner is authorized by the appropriate court of appeals to file a successive petition. See Burton v. Steward, 549 U.S. 147, 153 (2007); see also Parham v. Klem, 496 F. App'x 181, 184 (3d Cir. 2012)(nonprecedential). Moreover, Rule 60(b) relief is not available for mere disagreement by Petitioner with the basis upon which the court rendered its decision.

Rule 60(d)(1) speaks to the court's other powers to grant relief and provides that Rule 60 does not limit a court's power to entertain an independent action to relieve a party from a judgment, order or proceeding.

In his § 2254 petition, Gerace asserted three ineffective assistance of counsel

2

claims. The court addressed each of these claims and found them to be without merit. In the instant motion, filed over 8 years after Gerace was unsuccessful on appeal to the Third Circuit, he now comes back to this court under the pretenses of Fed. R. Civ. P. 60(b) and/or (d) claiming a defect in the integrity of the federal habeas proceedings. Specifically, he argues that this court committed procedural error when it gave deference to a Superior Court's opinion which applied a framework that contradicts the Strickland[1] standard, and failed to conduct a de novo review. (Doc. 30 at 17.) He argues that the Commonwealth of Pennsylvania does not apply the Strickland standard and fails to engage in cumulative analysis in connection with each prong of the Strickland test. (Id. at 21.)

This court will not address the merits of Gerace's claim for the following reasons. It is clear he seeks to pursue a challenge to this court's Memorandum and Order of January 11, 2005. To the extent this argument was raised in his appeal to the Third Circuit, said Court denied his request for a certificate of appealability, because he had not made a substantial showing of the denial of a constitutional right. To the extent he failed to raise this argument when appealing this court's decision of January 11, 2005, the basis for the argument was certainly known to him at that time and this court is without jurisdiction to address it.

---

[1] See Strickland v. Washington, 466 U.S. 668 (1984) which established a two-pronged test for evaluating ineffective assistance of counsel claims.

Gerace fails to demonstrate that he has any eligibility for relief under Rule 60(b) or (d). He cannot come back to this court now, over 8 years after his request for a certificate of appealability has been denied, offering no explanation for the delay, and seeking relief with respect to issues that either: (1) could have been raised in his appeal to the Third Circuit or (2) were raised and found by the Third Circuit not to demonstrate a substantial showing of the denial of a constitutional right. For these reasons, Gerace's pending request for relief will be denied. An appropriate order follows.